FILED
*12/31/15*

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

DANIEL CUMBUS,

       **Plaintiff,**

vs.

       CASE NO.: 5:15-cv-640-oc-30PRL

NSP HOSPITALITY LLC d/b/a
MERIDIAN HOTEL & SUITES, a
Florida Limited Liability Company,

       **Defendant.** _____/

## VERIFIED COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DANIEL CUMBUS ("CUMBUS" or "Plaintiff"), was an employee of Defendant, NSP HOSPITALITY LLC d/b/a MERIDIAN HOTEL & SUITES, ("NSP" or "Defendant") and brings this action for unpaid overtime compensation, unpaid minimum wages, liquidated damages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION AND VENUE

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, minimum wages, an additional equal amount as liquidated damages and reasonable attorney's fees and costs.

2.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA.

3.    At all times material hereto, Plaintiff, CUMBUS was a resident of Lake County, Florida.

4.     Defendant, NSP, conducts business in, among others, Lake County, Florida, therefore venue is proper in the Middle District of Florida, Ocala Division, pursuant to 28 U.S.C. § 1391(b)(1) & (c).

## PARTIES

5.     Defendant, NSP, a Florida Limited Liability Company, is in the business of operating a hotel located at 20329 US Hwy 27, Clermont, Florida 34715.

6.     Plaintiff, CUMBUS, was employed by Defendant as a maintenance technician and security guard from on or around March 2015 through August 2015.

## COVERAGE

7.     At all material times during the last three years, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

8.     At all material times during the last three years, Defendant was an employer as defined by 29 U.S.C. § 203(d).

9.     At all material times, Defendant had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

10.     At all times material, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

      a.  Engaged in commerce; or

      b.  Engaged in the production of goods for commerce; or

c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. tools, computers, facsimile machines and/or office supplies).

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## GENERAL ALLEGATIONS

12. Defendant, NSP, is a company classified as a hotel.

13. Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

14. Plaintiff was employee of Defendant within the meaning of the FLSA.

15. Plaintiff was employed by Defendant from on or around March 2015 until he was terminated/laid off on August 28, 2015. (*See* Exhibit A).

16. Plaintiff was to receive an hourly rate in exchange for performing maintenance duties during the day and for performing security duties in the evenings for Defendant from on or around March 2015 through August 2015.

17. Plaintiff regularly worked up to or in excess of forty (40) hours per week throughout his employment with Defendant without receiving any compensation from Defendant.

18. As a result, Plaintiff's gross weekly wages, resulted in wages that fell below the statutory minimum wage during one or more workweeks contrary to §206(a) of the FLSA.

19. Also as a result, Defendant failed to pay Plaintiff overtime compensation at a rate of time and one-half times his regular rate of pay for hours worked over forty (40) in a workweek during one or more workweeks, contrary to §207(a) of the FLSA.

20.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay proper overtime and/or minimum wage compensation to Plaintiff.

21.     Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

22.     Defendant had acted willfully in failing to pay Plaintiff in accordance with the law.

23.     Defendant failed to maintain proper time records as mandated by law.

24.     Defendant failed to post informational posters as required by law advising its employees of his rights under the FLSA.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

25.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

26.     Plaintiff was entitled to be paid time and one-half of his regular rate of pay for each hour worked in excess of forty (40) per workweek.

27.     From on or about March 2015 through August 2015 during his employment with Defendant, Plaintiff worked overtime hours without receiving time and one-half compensation for same during one or more workweeks contrary to the FLSA.

28.     Plaintiff should have earned time and one-half compensation for each hour worked in excess of forty (40) hours per workweek.

29.     Defendant had knowledge of the overtime hours worked by Plaintiff.

30. Defendant is aware of the laws which require its employees be paid overtime compensation on a week by week basis.

31. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

32. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper overtime wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

33. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

34. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

    a. Awarding Plaintiff overtime compensation in the amount due to him for the time worked in excess of forty (40) hours per workweek;

    b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award, or alternatively, awarding pre-judgment interest;

    c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

    d. Ordering any other further relief the Court deems just and proper.

**COUNT II - RECOVERY OF MINIMUM WAGES**

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-24 above.

36.     Plaintiff, CUMBUS, was entitled to earn the statutory minimum wage rate for all hours worked per week while employed as a maintenance technician and security guard for Defendant from on or March 2015 through August 2015.

37.     Plaintiff is entitled to receive the applicable statutory Florida minimum wage rate for all hours worked during his employment with Defendant pursuant to 29 C.F.R. 778.5.

38.     Defendant failed to compensate Plaintiff at the applicable statutory minimum wage rate for all hours worked per week during one or more workweeks.

39.     Defendant was aware of the laws which required that its employees be paid at least the statutory minimum wage for all hours worked per workweek.

40.     Despite its knowledge of these laws, Defendant violated the FLSA's provision on minimum wages (29 U.S.C. §206).

41.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

42.     As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff his proper minimum wages during one or more workweeks, Plaintiff has suffered damages, plus incurring reasonable attorneys' fees and costs.

43.     As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

44.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant;

a.     Awarding Plaintiff his unpaid minimum wages;

b.  Awarding liquidated damages in an amount equal to the minimum wage award, or

alternatively, awarding pre-judgment interest;

c.  Awarding reasonable attorney's fees and costs and expenses of the litigation

pursuant to 29 U.S.C. §216(b); and

d.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: 12/28/2015                    .          Respectfully submitted by,

KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, DANIEL CUMBUS, declare under penalty of perjury that the foregoing is true and

correct.

DATED this _____ day of December, 2015.


_____
DANIEL CUMBUS

b. Awarding liquidated damages in an amount equal to the minimum wage award, or alternatively, awarding pre-judgment interest;

c. Awarding reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b); and

d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: _____.                    Respectfully submitted by,

_____

KIMBERLY DE ARCANGELIS, ESQ.
Bar No.: 0025871
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3383
Email: KimD@forthepeople.com
Trial Attorneys for Plaintiff

## 28 U.S.C. § 1746 Declaration Under Penalty of Perjury

I, DANIEL CUMBUS, declare under penalty of perjury that the foregoing is true and correct.

DATED this 26 day of December, 2015.

_Danny Cumbrs_
DANIEL CUMBUS

7

# EXHIBIT A

NSP Hospitality, LLC
4955 East 18th Avenue
Tampa, Florida 33605

Dated August 28th, 2015

Re: Termination of Employment

Effective August 28th, 2015 the Meridian Hotel located at 20329 US HYW 27, Clermont Florida 34715.  Has had a change of ownership effective August 27, 2015. Due to the above mentioned change we will no longer  be requiring  your services any longer.

You work was greatly appreciated. Attached you will find your room balances which reflect no monies owed and payment is up to date until check out 11:00am on Friday September 4th, 2015.

We have decided to honor a discounted rate to you for your prior services of $149.99 plus tax per week per room required. This must be paid in advance on your check out date of September 4, 2015.