**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

NSP HOSPITALITY, LLC, d/b/a
MERIDIAN HOTEL & SUITES,
a Florida limited liability company,

    Plaintiff,

v.                                                                          Case No:  5:15-cv-640-Oc-30PRL

JANKI I, INC., a Florida corporation,
and PINAL PATEL, individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Third-Party Plaintiff NSP Hospitality LLC's ("NSP") Motion for Final Default Judgment on Third-Party Defendants (Doc. 27). The Court, having reviewed the motion and being otherwise fully advised in the premises concludes that supplemental briefing is necessary before NSP's motion can be resolved.

## BACKGROUND

Daniel Cumbus initiated this action against NSP on December 31, 2015, alleging claims for unpaid overtime compensation, unpaid minimum wages, and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. 1). On February 18, 2016, NSP answered Cumbus's complaint and also filed a third-party complaint for indemnification against Janki I, Inc. and Pinal Patel. (Doc. 12). Janki I, Inc. and Patel failed to respond to NSP's third-party complaint, and a clerk's default was

entered against them on April 7, 2016. (Docs. 23, 24). Shortly thereafter, Cumbus settled his FLSA claim with NSP and filed a stipulation of dismissal, but the third-party claim remained. (Doc. 25). NSP has now moved for default judgment against Janki I, Inc. and Patel. (Doc. 27).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Nevertheless, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Thus, a failure to appear and defend does not automatically entitle a plaintiff to a default judgment.

Here, NSP is seeking indemnification from Janki I, Inc. and Patel on an FLSA claim, but courts have held that indemnification claims relating to FLSA liability are contrary to public policy and the legislative intent of the FLSA. *See, e.g.*, *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999); *Lyle v. Food Lion, Inc.*, 954 F.2d 984, 987 (4th Cir. 1992); *Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1407-08 (10th Cir. 1992);

*LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1264 (5th Cir. 1986); *Gustafson v. Bell Atlantic Corp.*, 171 F. Supp. 2d 311 (S.D.N.Y. 2001).  But it is possible that the present case is distinguishable.  *See Bogosian v. All Am. Concessions*, No. 06-CV-1633 RRM RML, 2011 WL 4460362, at *4 (E.D.N.Y. Sept. 26, 2011); *Itzep v. Target Corp.*, 2010 WL 2278349, at *24 (W.D. Tex. June 4, 2010); *Varnell, Struck & Assocs., Inc. v. Lowe's Cos., Inc.*, No. 5:06CV068, 2008 WL 1820830, at *9-11 (W.D.N.C. Apr. 21, 2008).  Neither the Eleventh Circuit nor any other court in this circuit has addressed whether a party can seek indemnification from a third-party pursuant to a contractual indemnification provision relating to a claim brought under the FLSA.

Therefore, NSP shall submit supplemental briefing addressing whether an employer can seek contractual indemnification from a third party from a claim brought pursuant to the FLSA.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Within twenty-one (21) days of the date of this Order, NSP Hospitality LLC shall file supplemental briefing addressing whether its claim for indemnification against Janki I, Inc. and Pinal Patel is legally viable.

**DONE** and **ORDERED** in Tampa, Florida, this 7th day of June, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

3