**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

NSP HOSPITALITY, LLC, d/b/a
MERIDIAN HOTEL & SUITES, a
Florida limited liability company,

    Plaintiff,

v.                                                                                  Case No:  5:15-cv-640-Oc-30PRL

JANKI 1, INC. a Florida corporation,
and PINAL PATEL, individually,

    Defendants.
_____/

## ORDER OF DEFAULT FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff NSP Hospitality LLC's ("NSP") Motion for Final Default Judgment on Third-Party Defendants (Doc. 27). The Court, having reviewed the motion and NSP's complaint, and being otherwise fully advised in the premises, concludes that the motion should be granted.

### BACKGROUND

Daniel Cumbus initiated this action against NSP on December 31, 2015, alleging claims for unpaid overtime compensation, unpaid minimum wages, and liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). (Doc. 1). Cumbus was employed as a maintenance technician at the Meridian Hotel & Suites from March 2015 until August 2015.

On February 18, 2016, NSP answered Cumbus's complaint and filed a third-party complaint for contractual indemnification against Janki I, Inc. and Pinal Patel. (Doc. 12). In its third-party complaint, NSP asserted that it leased the Meridian Hotel & Suites and its operation and management to Janki I, Inc. and Pinal Patel pursuant to a "Hotel Operating and Management Agreement" (the "Agreement"). (Doc. 12 at 6). The Agreement contained an indemnification provision which provided that Janki I, Inc. and Patel would indemnify NSP "from and against all liabilities, obligations, damages, penalties, claims, causes of action, costs, changes and expenses . . . [arising from] any negligence or other wrongful act or omission on the part of [Janki I, Inc. and Patel]." (Doc. 12, Ex. B at ¶ 9).

Janki I, Inc. and Patel failed to respond to NSP's third-party complaint, and a clerk's default was entered against them on April 7, 2016. (Docs. 23, 24). Shortly thereafter, Cumbus settled his FLSA claim with NSP and filed a stipulation of dismissal, but the third-party claim remained. (Doc. 25). NSP has now moved for default judgment against Janki I, Inc. and Patel seeking $17,155.00 in damages, comprising $11,500 for the settlement amount paid to Cumbus, $5,515.00 in attorney's fees, and $140.00 in costs. (Doc. 27).

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 55, a two-part process exists for obtaining a default judgment. First, the party must obtain an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Second, "the party must apply to the court for default judgment." Fed. R. Civ. P. 55(b). Although "a default is not treated as an absolute confession by the defendant of his [or her] liability and of the plaintiff's right to recover, a

2

defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." *Tyco Fire & Sec., LLC v. Alcocer*, 218 Fed. App'x 860, 863 (11th Cir. 2007) (internal quotation marks omitted). Thus, the court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* Additionally, before entering a default judgment, a court has "an obligation to assure there is a legitimate basis for any damage award it enters." *Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2007).

The Court concludes that NSP has sufficiently stated a claim for contractual indemnification against Janki I, Inc. and Patel,[1] and, pursuant to the Agreement, NSP is entitled to damages in the amount of $17,155.00.

Accordingly, it is hereby **ORDERED AND ADJUDGED:**

1. Plaintiff NSP Hospitality LLC's ("NSP") Motion for Final Default Judgment on Third-Party Defendants (Doc. 27) is GRANTED.

2. The Clerk is directed to enter Default Final Judgment in favor of NSP Hospitality, LLC and against Janki I, Inc. and Pinal Patel in the amount of $17,155.00, which represents $11,500.00 in damages, $5,515.00 in attorney's fees, and $140.00 in costs. This amount shall accrue postjudgment interest at the federal statutory rate.

3. The Clerk is directed to close this case and terminate any pending motions as moot.

---

[1] The Court requested that NSP provide supplemental briefing regarding whether it sufficiently stated a claim for contractual indemnification against Janki I, Inc. and Patel. Under the facts of this case, the Court is satisfied that NSP has sufficiently stated a claim for contractual indemnification against Janki I, Inc. and Patel.

4. For all of which let execution issue.

**DONE** and **ORDERED** in Tampa, Florida, this 3rd day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record